UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| New Oil Christian Center, | Case No. 22-cv-02136 (MJD/ECW) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| GuideOne Insurance Company f/k/a GuideOne Mutual Insurance Company, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff's Motion for the Court to Enforce its Remand Order, Leave for Plaintiff to Amend Its Complaint to bring Minn. Stat §§ 604.18, Minn. Stat §§549.20 [sic] Claims (Dkt. 108) ("Motion"), filed on May 30, 2025. This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (*See* Dkt. 114.)

As part of Plaintiff's request for relief, it sought the following:

> Plaintiff New Oil moves the Court to enforce its remand order, compelling the Panel to determine the cost of Plaintiff complying with the building codes based on the parties' April 8, 2025, submissions.

(Dkt. 110 at 12.)

Given the representations of the parties at the August 13, 2025 hearing on the Motion, the Court ordered that the parties "conduct a meeting with the appraisal panel and a city building official who can determine Minneapolis code enforcement as it relates to the property at issue, on or before September 15, 2025." (Dkt. 122.) The appraisal

panel was also ordered to issue an appraisal award clarification on or before September 29, 2025. (*Id.*)

On October 2, 2025, Plaintiff's counsel submitted a Declaration to the Court, which attached the Appraisal Panel's September 29, 2025 Appraisal Award, awarding Plaintiff with $996,721.00 in loss replacement costs, and loss actual cash value in the amount of $132,378.00 (with the permit amount to be paid when incurred). (Dkt. 130-1.)

On October 6, 2024, the Court ordered the parties "to file a joint status update within 7 days of this Order, which should include a short description of the effect, if any, of the Appraisal Panel's clarification award on the case and the pending Motions." (Dkt. 131.) On October 10, 2025, the parties sent a joint letter to the undersigned's chambers' email, which stated in relevant part as follows:

> The parties agree the appraisal panel awarded $761,360 for "built up roofing CODE WORK," and "PWI" for permit. The panel clarified that the "gross award does not consider prior payments, coverages, or deductible. Permits paid when incurred." The parties further agree there remain the following pending issues:
>
> 1. Interfacing the appraisal award clarification with the policy.
>
> 2. The pending motion before Judge Davis. The parties agree this matter will need to be put before either Judge Davis or Your Honor to resolve the remaining pending issues described herein.
>
> 3. Interest. The parties will attempt to resolve the interest issue but may need court involvement.
>
> 4. The adequacy of the award. Plaintiff may choose to challenge the adequacy of the award. Defendant believes that the award is valid and that it sets the amount for the costs associated with ordinance and law.

Given the events that have occurred since Plaintiff filed the Motion on May 30, 2025, the Appraisal Panel's September 29, 2025 Appraisal Award, and the new issues raised by the September 29, 2025 award, the Court concludes that the May 30, 2025 Motion should be denied without prejudice to Plaintiff's ability to file a new Motion addressing any remaining issues from the May 30, 2025 Motion and any issues now raised in view of the September 29, 2025 Appraisal Award.  That said, the Court strongly encourages the parties to resolve their remaining issues and issues raised in the October 10, 2025 letter without additional motion practice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**: Plaintiff's Motion for the Court to Enforce its Remand Order, Leave for Plaintiff to Amend Its Complaint to bring Minn. Stat §§ 604.18, Minn. Stat §§549.20 [sic] Claims (Dkt. 108) be **DENIED WITHOUT PREJUDICE**.

Date: October 17, 2025               *s/ Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).